Curta per
Nott, J.
In the argument of this case, it has been presented to us in a shape somewhat different from the case made in the special verdict. It is not'now contended that the will is effectual to pass the lands in this State, nor that the circumstance of a third person having been present at the execution oí the will, but who did not subscribe it, was süch a fulfilment of our Iarv as to give it effect. The only question submitted to us, is, whether a will made in another State and not executed according to the requisitions of our act, can be admitted to probate in this State. And although the question has been argued with a good deal of learning, a doubt even has not been raised in my mind on the subject. The act of 1824 provides, “ That after the first day of May next, all wills or testaments of personal property, shall be executed in writing and signed by the testator or testatrix, or by some other person in his or her presence,' and by his or her express direction, and shall be attested and subscribed in the presence of the testator or testatrix by three or more credible witnesses, or else they shall be void and of no effect.” This is a rule of property prescribed by the supreme authority of the State, and must, therefore, be the governing principle in all our courts.-— Vinnius, Heineecius and Voet, and other ancient authors have been introduced to shew thát a will made in any place, according to the law's and customs of that place, will have the same effect in every other country, though not executed according to the forms and ceremonies of that country. But that is a question which I am not disposed to contest. I have no doubt that a will made in North Carolina and exeeuted according to the laws of that State, will be effectual to pass the personal property of the testator in this State, though not executed accor *385 ■ding to the forms prescribed by our act. But the question, is, in what manner shall it be authenticated hero ? In Toller’s Law of Executors, 71, it is said, if the testator reside in Scotland and have effects there and in England, the will is proved in the first instance in the Court of Great.Sessions in Scotland, and a copy duly authenticated and being transmitted hither, it is proved in the Prerogative court anddeposited as if it were an original will; and that, I apprehend, is the correct method. The will, in the first instance, must be proved where the •testator-dies. It is then received elsewhere on the faith and credit due to the Court where it is admitted to probate. It is, further, laid down by the same author, 71, that if a will he made in a foreign country, disposing of goods in England, it must be proved here. Bui, if the effects are all abroad and the will be proved according to the custom oí the country where the testator died, it will be sufficient. Now when it is said that a will made abroad disposing of goods in England, must be proved there, that is in England, I ¡^resume it means that it must be proved accoding to the laws of England. In the present ease, the testator resided in this State, but was taken sick and died in North Carolina, having first made his will disposing of his property here. Whether under such circumstances, the will ought to he proved in this State or in North Carolina, is a question on which I shall express no opinion. All I mean to decide is, that when a will is offered for probate in this State, it must appear to be executed according to the laws of this State, or it cannot be admitted. If it should be offered for probate in North Carolina, and there should not appear to be any assets in that State, it may become a question whether it ought to be admitted there; and if it should be admitted, it may perhaps still be a question whether the probate under such circumstances, -will give it curren *386 cy here. In the Duchess of Kingston’s case, it was held that a will, though made in France, where she was domiciled, being made by an English subject, in the English language, and according to English forms, and to be executed in England, was valid as to personal property in England, though not being made according to the French law, it would have been oí no validity in France. 12’ Wheaton, 173, Armstrong vs. Lear. But I infer from the circumstance of its being executed according to the English forms, that it was on that ground alone it was admitted in England. See also 11 Viner, 58, tit. Ex’or. A. 1 Vern. 397, Jauncey vs. Scaley; Ambler, 415, Burn et uxor vs. Cole. Vinnius on whom much reliance has justly been placed, says, there can be no donbt that if a statute should expressly provide that every testament of goods should be made in conformity to the lex loci, there might be room for discussion, and I have shewn by our act, that it is provided that every will or testament of personal property shall he executed in thé presence of, and subscribed by three witnesses, or it shall be void and of no effect. Yoet does indeed say that if a citizen of Utrecbt, not with a view of evading the law, hut by mere accident should be in Holland, and after making his will there, in consequence of sicknes should suddenly die there, that will as well in relation to moveable as immoveable property in Utrecht, ought to be effectual, though made without suchlicense as the laws of Utrecht require. But that is a position which, I think, it will be difficult to maintain, for all the writers on the subject admit, that in order to pass lands, the will must be executed according to the forms prescribed by the laws of tbe country where they are situated. If the writer intended to put it on the ground of necessity, and that because the testator could not in a. foreign country obtain a license which was necessary to give it validity at home, then the rule will only apply when *387 the neeissity exists, which is not protended in this case. I concur, therefore, in opinion with the presiding Judge below, that as the will has not been admit! ed to probate in North Carolina,‘where the testator died, nor executed according to the form prescribed by our act, it ought not to be admitted to probate in this State, and that the motion mustbe refused. Judgment affirmed.